

RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/7/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ELIZABETH ASHLEY JEANSONNE | CIVIL ACTION NO. 12-1905 |
| VERSUS | JUDGE TRIMBLE |
| SUTHERLAND BUILDING MATERIAL CENTERS, LP, KEVIN GRAVES, MCLINEY CENTERS, LLC, MCLINEY LUMBER & SUPPLY, LLC, WESCO INSURANCE COMPANY, and STEPHEN CHAD RYDER | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING

Before the court is a motion for summary judgment filed by defendants McLiney Centers, LLC, McLiney Lumber and Supply, LLC, Kevin Graves, Stephen Ryder and Lightle Wooley (hereinafter "defendants").[1] Since the filing of the instant motion, Magistrate Judge Kirk vacated a portion of his prior order granting leave to amend plaintiff's complaint to add new defendants. Specifically, the magistrate judge vacated the prior order as to Lightle Wooley by memorandum ruling and order dated March 8, 2013.[2] For that reason, the portion of defendants' motion seeking dismissal of all claims against Lightle Wooley will be DENIED as MOOT. For the reasons expressed below, defendants' motion will be GRANTED in part and DENIED in part.

---

[1] R. 25.
[2] R. 31.

I.    **RELEVANT FACTS**

This suit arises out of an incident that occurred at the Alexandria, Louisiana location of Sutherland's Building Materials ("Sutherland's") on October 25, 2011.[3] Plaintiff Elizabeth Ashley Jeansonne was a customer at Sutherland's on that date and alleges that she slipped, but did not fall after stepping on a portion of flooring made slippery by joint compound or drywall mud which plaintiff alleges leaked onto the floor while Sutherland's employee Lightle Wooley moved boxes of joint compound from one location to another earlier that day.[4] Plaintiff asserts that she sustained several injuries when she slipped, including those to her neck/cervical spine, cervical and facial nerves, right shoulder, right arm and right hand.[5] Plaintiff alleges that she suffers from Horner's syndrome, as well as depression and anxiety as a result of the incident.

Plaintiff alleges that defendants are liable to her for damages based on the Louisiana law theories of negligence and respondeat superior and filed the instant suit on June 19, 2012 in Louisiana's Ninth Judicial District for the Parish of Rapides.[6] The suit was timely removed to this court by defendants on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332.[7] As stated above, the magistrate judge granted plaintiff's motion to amend in order to add as defendants McLiney Centers, LLC, McLiney Lumber and Supply, LLC, and Stephen Ryder, while eventually denying the motion as it pertained to Lightle Wooley.[8]

Defendants filed the instant motion seeking dismissal of all claims against them. The issues have been fully briefed by the parties and we address them below.

---

[3] R. 14 at ¶ II.
[4] Id. at ¶¶ III, IV, VI.
[5] Id. at ¶¶ VIII, IX.
[6] R. 1-3.
[7] R. 1-1 (7/13/12).
[8] R. 9, 14, 31.

## II.   APPLICABLE STANDARD

Fed. R. Civ. P. 56(a) provides that summary judgment shall be granted when the movant shows the absence of any genuine dispute as to any material fact and, for that reason, shows that he is entitled to judgment as a matter of law.  The movant must demonstrate the absence of any genuine dispute as to any material fact by citing to particular parts of materials in the record, including depositions, documents and affidavits.[9]  The movant may demonstrate entitlement to judgment as a matter of law by pointing out the nonmoving party's inability to produce evidence which, when taken as true for the purposes of the motion, would provide a legally sufficient basis upon which a reasonable jury might base a judgment in the nonmoving party's favor.[10]

Once a motion for summary judgment is made and properly supported, the burden shifts to the nonmoving party to come forward with evidence which demonstrates the essential elements of his claims.[11]  In so doing, the nomoving party establishes the existence of a genuine issue of material fact for trial.  The nonmoving party must show that the evidence, when viewed in the light most favorable to him, is sufficient to enable a reasonable jury to render a verdict in his favor.[12]   A party whose claims are challenged by a motion for summary judgment may not rest on the allegations of the complaint and must articulate specific factual allegations which meet his burden of proof.[13]

---

[9] Fed. R. Civ. P. 56(c)(1)(A).
[10] Celotex Corp v. Catrett, 477 U.S. 317, 2553 – 54 (1986); Duffy v. Leading Edge Products, Inc., 44 F.3d 308, 312 (5th Cir. 1995); Shotak v. Tenneco Resins, Inc., 953 F.2d 909, 913 (5th Cir. 1992), cert. denied 506 U.S. 832 (1992).
[11] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994).
[12] Celotex, 477 U.S. at 325.
[13] Id.

If the nonmoving party meets his burden of proof, summary judgment is inappropriate and the claims must be preserved for further proceedings. If, on the other hand, the nonmoving party does not meet his burden, the court must grant summary judgment in recognition of the implausibility of the claims at issue.[14]

All evidence submitted to the court in support of or in opposition to a motion for summary judgment must be of the sort which would be admissible at the trial of the matter.[15] "Metaphysical doubt" as to the existence of a genuine issue for trial is insufficient, as are "unsubstantiated assertions" and "conclusory allegations[.]"[16] The court will construe all evidence in the light most favorable to the nonmoving party, but will not infer the existence of evidence not presented.[17]

### III. Plaintiff's claims against McLiney Centers, LLC and McLiney Lumber & Supply, LLC

Defendants assert that plaintiff's claims against McLiney Centers, LLC and McLiney Lumber & Supply, LLC (hereinafter "McLiney Companies") should be dismissed because plaintiff is unable to demonstrate liability by these entities as a matter of law. Defendants cite the affidavit of store manager Kevin Graves, stating that he is employed by Sutherland Building Materials, LP, as well as Graves' deposition testimony that the McLiney Companies are part owners of the Sutherland's store in Alexandria, but do not "get involved in store safety issues."[18] Defendants assert that plaintiff must show the existence of an employer-employee

---

[14] Id. at 322.
[15] Fed. R. Civ. P. 56(c)(2); Salas v. Carptener, 980 F.2d 299, 305 (5th Cir. 1992) quoting Broadway v. City of Montgomery, 530 F.2d 657, 661 (5th Cir. 1976).
[16] Little, 37 F.3d at 1075, citing Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), Lujan v. National Wildlife Federation, 497 U.S. 871, 871-73 (1986); Hopper v. Frank, 16 F.3d 92 (5th Cir. 1994).
[17] Lujan, 497 U.S. at 888.
[18] R. 25-2 at pp. 3-5 citing Graves Affidavit (R. 25-4 at pp. 12-13) and Deposition of Graves (R. 25-4 at pp. 1-12) at 8:5 – 23.

relationship in order to demonstrate liability under La. Civ. C. Art. 2320. Defendants deny that the McLiney Companies exercised control and supervision over any Sutherland's employee, citing Clinton v. Reigel By-Products, Inc., 965 So.2d 1006, 1009 (La. App. 2 Cir. 9/19/07) as authority for this requirement as indicia of the master-servant relationship under Louisiana law.

While the court agrees that Louisiana law requires the finding of a master-servant relationship in order to impose employer liability under La. Civ. C. Art. 2320, we find that defendants have failed to demonstrate the absence of any genuine issue of material fact regarding the status of the McLiney Companies as employers in this case.

There are three pieces of evidence pertaining to this issue before the court: (1) the deposition testimony of Sutherland's store manager Kevin Graves;[19] (2) the affidavit of Kevin Graves;[20] and (3) the premises liability insurance policy covering the Sutherland's store in Alexandria, Louisiana.[21] When asked about how the McLiney Companies are involved in the Sutherland's in Alexandria, Graves testified that, "[h]e is the direct owner part that visits our store and looks over things and makes suggestions."[22] Graves affirmed that McLiney Companies' representative, Mr. McLiney, was responsible for the creation of a co-manager position.[23] Graves also testified that Mr. McLiney didn't get involved in store safety issues much because "[h]e has people [who do] that for him."[24] Graves' affidavit attests that he was "employed with and working at Sutherland Building Materials, LP at 515 MacArthur Drive,

---

[19] R. 25-4.
[20] R. 25-4.
[21] R. 28-4.
[22] Deposition of Graves at 8:5 – 8.
[23] Id. at 8:9-13.
[24] Id. at 8:14-17.

Alexandria, Louisiana, at all times relevant" to this suit.[25] The commercial liability policy covering the Sutherland's store in Alexandria, Louisiana is issued to named insured "McLiney Lumber and Supply, LLC[.]"[26]

On the basis of this evidence, the court is unable to find that there exists no genuine dispute regarding the McLiney Companies' role as employer in this case. On the contrary, it would appear that, at this stage of the case, sufficient evidence exists which would enable a reasonable jury to find that the McLiney Companies exerted control over Sutherland's store employees.[27] Defendants' motion for summary judgment will be DENIED insofar as it seeks dismissal of plaintiff's claims against the McLiney Companies.

II.     **Plaintiff's claims against Kevin Graves and Stephen Ryder**

Defendants' motion for summary judgment also seeks dismissal of all claims by plaintiff against Sutherland's Alexandria store manager, Kevin Graves ("Graves"), and assistant manager, Stephen Ryder ("Ryder"), on the basis that plaintiff fails to show that these individual employees knew or should have known of the failure of another employee to see the joint compound on the floor and remedy the potential hazard.

Plaintiff asserts that Frank Piper, a Sutherland's employee walked through the spilled joint compound and did not notice it or remedy the potential hazard. Plaintiff also asserts that the store's manager and assistant manager breached their duties to ensure that the joint

---

[25] R. 25-4 at p. 12.
[26] R. 28-4 at p. 2.
[27] Roberts v. State, Through Louisiana Health and Human Resources Admin., 404 So.2d 1221 (La. 1981) (most important factor in assessing applicability of vicarious liability is the right of the employer to control the work of the employee); Blackburn v. Chenet, 42 So.2d 288 (La. App. 1949) (instructing that the primary inquiry in determining whether a master-servant relationship exists in any case is question of whether there was a right to control the employee at issue).

compound, which Wooley moved at their direction, was moved in a safe and proper manner and that store employees are observant and diligent about curing potential hazards.[28]

We find the reasoning conveyed by Magistrate Judge Kirk regarding these claims in his Memorandum Ruling of March 3, 2013 to be persuasive.[29] Plaintiff asserts no facts which would, if proven at trial, form a legally sufficient basis for a finding of personal liability as to Graves and Ryder under Louisiana law. We echo Magistrate Judge Kirk's finding that this case present allegations similar to those of Brady v. Wal-Mart Stores, Inc.,[30] in that the instant plaintiff alleges nothing more than breach of general administrative duties comprising a portion of these defendants' employment responsibilities. The court finds that plaintiff fails to demonstrate the existence of any genuine issue of material fact regarding personal liability by defendants Graves and Ryder and, accordingly, defendants' motion for summary judgment will be granted as it concerns these claims.

IV.     Plaintiff's claims against Phillip Reeves

Footnote 1 of defendants' motion notes that, although plaintiff named Phillip Reeves as a defendant to this suit in her original complaint, plaintiff excluded Phillip Reeves from her first amended complaint, despite the amendment's statement that it recasts the original complaint in its entirety.[31] Defendants' motion assumes that plaintiff no longer intends to pursue claims against Phillip Reeves and that any prior claims by plaintiff against him were abandoned by virtue of the amended complaint. Plaintiff does not dispute this in her memorandum in

---

[28] R. 28 at p. 4. **The court notes that plaintiff's memorandum in opposition contains unnumbered pages and reminds plaintiff's counsel that, per LR 10.1, all filings numbering more than three (3) pages in length shall display sequentially numbered pages.**
[29] R. 31.
[30] 907 F.Supp. 958 (M.D.La. 1995).
[31] R. 14.

opposition and, therefore, the court assumes that prior defendant Reeves has effectively been substituted for defendant Ryder in this matter.

V.     CONCLUSION

The court has carefully reviewed the law and argument cited by the parties regarding defendants' motion for summary judgment.  The court finds that that plaintiff has demonstrated the existence of genuine fact issues concerning whether or not the McLiney Companies are employers or, perhaps, co-employers of the employees of the Sutherland's store in Alexandria, Louisiana.  For that reason, we find summary judgment dismissing claims against these parties to be inappropriate at this time and this portion of defendants' motion will be denied.  We find, however, that defendants have successfully demonstrated the absence of any genuine issue of material fact concerning personal liability as to Sutherland's employees Graves and Ryder under applicable Louisiana law.  For that reason, defendants' motion for summary judgment will be granted in that all claims by plaintiff against defendants Graves and Ryder will be denied and dismissed with prejudice.  Finally, the court finds that the record should be clarified to note that plaintiff no longer asserts claims in this case against prior defendant Phillip Reeves by virtue of plaintiff's first amended complaint, found in the record of this case at R. 14.

The court will issue a judgment and order in conformity with these findings.

Alexandria, Louisiana
June ___, 2013

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE