RECEIVED
IN ALEXANDRIA, LA.

SEP 1 1 2013

TONY R. MOORE, CLERK
             DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ELIZABETH ASHLEY JEASONNE | CIVIL ACTION NO. 12-1905 |
| VERSUS | JUDGE TRIMBLE |
| SUTHERLAND BUILDING MATERIAL CENTERS, L.P., ET AL. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a <u>Daubert</u> motion filed jointly on behalf of defendants Sutherland Building Material Centers, LP, McLiney Centers, LLC, McLiney Lumber and Supply, LLC and Wesco Insurance Company seeking exclusion of proposed expert witness testimony by attorney Gregory Hubachek ("Hubachek") and safety expert Dennis R. Howard ("Howard").[1] For the reasons expressed below, the court finds that defendants' motion should be granted in full.

I.   **Relevant Facts**

For a complete recitation of the facts giving rise to this case, the court directs the reader to our recent Memorandum Ruling on defendants' prior Motion for Summary Judgment, found in the record of this case at R. 44.

II.   <u>**Daubert**</u> **Standard**

Expert witness testimony, like all other evidence sought to be introduced at trial, must first be deemed relevant to the issues in the case.[2] The court must, then, decide any

---

[1] R. 32.
[2] Fed. R. Evid. 401.

1

preliminary questions regarding whether a proposed expert witness is qualified or is subject to privilege.[3] Fed. R. Evid. 702, regarding expert witness testimony, provides that

> A witness who is qualified as an expert by knowledge, skill, experience, training, or eduction may testify in the form of an opinion or otherwise if:
>
> (a)   The expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b)   The testimony is based on sufficient facts or data;
> (c)   The testimony is the product of reliable principles and methods; and
> (d)   The expert has reliably applied the principles and methods to the facts of the case.

The court applies Rule 702 to scientific and non-scientific expert testimony and must ensure that any expert testimony admitted is both relevant and reliable.[4] "Although there are no certainties in science, the expert must present conclusions that are grounded in the methods and procedures of science."[5] The role of the district court, when presented with a challenge to proposed expert witness testimony, is that of a "gatekeeper."[6]

III.   Analysis

Sutherlands' motion in limine first seeks exclusion of the expert report and proposed expert testimony of attorney Hubachek.[7] The expert report at issue is brief and reads as follows:

> I represented your client, Elizabeth Ashley Jeansonne, in regard to a claim for Social Security disability benefits. In my opinion, the injuries sustained by Ms. Jeansonne in the incident of October 25,

---

[3] Fed. R. Evid. 104(a).
[4] Knight v. Kirby Inland Marine, Inc., 482 F.3d 347 (5th Cir. 2007); Kumho Tire Co., Ltd. V. Carmichael, 526 U.S. 137 (1999); Daubert., 509 U.S. 579 (1993).
[5] Daubert, 509 U.S. at 590; Wells v. SmithKline Beecham Corp., 601 F.3d 375, 378 (5th Cir. 2010).
[6] U.S. v. Fullwood, 342 F.3d 409, 412 (5th Cir. 2003).
[7] R. 32-1 at pp. 3 – 4.

> 2011 was /sic/ the deciding factor in Ms. Jeansonne being awarded disability benefits. I do not feel that Ms. Jeansonne would have been awarded Social Security disability benefits had it not been for the injuries she sustained in the October 25 2011 /sic/ incident.[8]

Plaintiff argues that Hubachek's opinion is based on the same law applied by the Administrative Law Judge ("ALJ") in the agency's written ruling, which is five-step sequential disability evaluation process found at 20 C.F.R. 404.1520(a) and 416.920(a).[9] Plaintiff also points out that Hubachek is well-versed in Social Security disability cases, having represented clients in such cases since 2001.[10]

The court finds Hubachek's proposed expert report to offer nothing except the sort of "unsupported speculation or subjective belief" that we are bound under F.R.E. 702 and Daubert to exclude at trial.[11] Hubachek's report employs no method of reasoning and demonstrates no application of reliable principles to the facts of plaintiff's social security disability case. Moreover, we agree with defendants that the ruling of the Social Security Administration as to plaintiff's claim speaks for itself. To the extent, however that any explanation of the administrative findings are necessary, the proposed expert report at issue offers no analysis and, thus, is no aid to a fact finder. Accordingly, the court finds that Hubachek's proposed expert report is inadmissible at the trial of this matter because it fails to demonstrate relevancy or reliability under F.R.E. 702 and the Daubert standard.

---

[8] R. 32-2.
[9] R. 36 at p. 7; R. 36-4, -5. **The court notes that plaintiff's opposition brief contains no page numbers. In the future, counsel shall ensure that all filings before the court comply with LR 10.1, requiring numbered pages in all filings before the court which number more than three (3) pages in length.**
[10] Id.
[11] Curtis v. M&S Petroleum, Inc., 174 F.3d 661, 668 (5th Cir. 1999).

Defendants' motion next seeks to exclude the expert report of plaintiff's designated safety expert Howard. Specifically, defendants assert that Howard's proposed expert report reaches legal conclusions as to causation and liability without applying any scientific principles or methodology.[12] Defendants point out that Howard's report "recounts deposition testimony regarding the October 25, 2011 accident as well as photographs of the scene, surveillance video, and discovery responses" but, without explanation, "leaps to conclusions" which defendants assert are an invasion of the province of the jury in this case.[13]

Plaintiff argues that defendants' criticisms of Howard's expert opinions in this matter are appropriately addressed during cross-examination, but do not form a reasonable basis for the exclusion of this proposed testimony at trial.[14] Plaintiff points to Howard's CV, which states that, as part of his practice, he engages in the "recognition, evaluation, and control or elimination of…conditions that pose a potential hazard in a number of different settings."[15]

The court has reviewed the proposed expert report at issue and finds that it applies no expertise to the facts, but rather, summarizes depositions and video footage in order to arrive at the conclusions that (1) defendant Sutherlands Building Materials failed to keep the aisle "reasonably free from foreign materials; (2) that Sutherland safety procedures were "ineffective"; (3) that "more likely than not[,]" the substance on the floor that created the hazard was caused by Sutherland's employees; and (4) "[i]t appears that the employees ignore

---

[12] R. 32-2 at pp. 4-5.
[13] R. 32-2 at p. 4.
[14] R. 36 at pp. 6-7.
[15] Id. at p. 6 citing Howard CV found at R. 36-2.

or failed to consider the significance of the dangers of the puddle of spilled material...regardless of the instruction and training discussed in the safety meetings."[16]

Howard's conclusions are, as argued by defendants, "ipse dixit," unsupported by any analysis or applied methodology.[17] In this way, they provide no aid to the fact finder because they simply summarize the evidence which will be presented to the jury. Moreover, the conclusions regard the ultimate issues of liability in this case, as well as the mental processes of Sutherland's employees. Accordingly, Howard's expert report invades the province of the jury.[18] For these reasons, the court finds that defendants' Daubert motion should be granted as to Howard's proposed expert report.

IV.   Conclusion

For the reasons expressed above, the court finds that defendants' Daubert motion should be GRANTED in all respects and that, accordingly, the proposed expert reports of Hubachek and Howard will not be admitted into evidence at the trial of this matter, nor will they be permitted to testify in accordance with such reports. The court will issue an order in conformity with these findings.

Signed in Alexandria, Louisiana this 11th day of September, 2013.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[16] R. 36-2 at p. 3.
[17] Kumho Tire, 526 U.S. at 157 citing General Electric Co. v. Joiner, 522 U.S. 136, 146 (1997).
[18] Owen v. Kerr-McGee Corp., 698 F.2d 236 (5th Cir. 1983).

5